United States District Court
Southern District of Texas
**ENTERED**
October 17, 2025
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | |
|---|---|
| HI-DOW IPHC, INC., § | |
| § | |
| Plaintiff. § | |
| § | |
| V. § | CIVIL ACTION NO. 3:24-cv-00295 |
| § | |
| TRUEPULSE, LLC, § | |
| § | |
| Defendant. § | |

## OPINION AND ORDER[1]

Pending before me is a Motion to Stay Pending Reexamination filed by Defendant TruePulse, LLC. Dkt. 50. Having considered the briefing, the record, and the applicable law, the motion is granted.

## BACKGROUND

Plaintiff Hi-Dow IPHC, Inc. instituted this action on October 10, 2024, against Defendant MC Innovations, LLC alleging infringement of U.S. Patent Nos. 9,415,217 (the '217 patent) and 11,351,361 (the '361 patent) (collectively, "the Asserted Patents"). *See* Dkt. 1. Hi-Dow amended its complaint on December 4, 2024, dropping MC Innovations, LLC and adding TruePulse as a Defendant. *See* Dkt. 12. On February 17, 2025, TruePulse filed its Answer to the Amended Complaint. *See* Dkt. 21.

On April 2, 2025, Hi-Dow served its preliminary infringement contentions. *See* Dkt. 50-2. On May 27, 2025, TruePulse served its preliminary invalidity contentions. *See* Dkt. 50-3. The parties exchanged claim constructions and deposed claim construction experts throughout the summer of 2025.

On June 26, 2025, TruePulse requested an ex parte reexamination of the '217 patent. *See* Dkt. 50-10. On July 16, 2025, TruePulse requested an ex parte

---

[1] "A motion to stay proceedings is a non-dispositive motion appropriately decided by a magistrate judge." *C&M Oilfield Rentals, LLC v. Ensign US S. Drilling LLC*, No. 4:22-cv-965, 2023 WL 9007238, at *1 (S.D. Tex. Dec. 28, 2023).

reexamination of the '361 patent. *See* Dkt. 50-12. On August 8, 2025, the United States Patent and Trademark Office ("PTO") instituted the reexamination of the '217 patent. *See* Dkt. 50-11. On September 4, 2025, the PTO instituted the reexamination of the '361 patent. *See* Dkt. 50-13. On September 8, 2025, TruePulse moved to stay this case pending reexamination. *See* Dkt. 50. Hi-Dow is opposed to any stay and, in the alternative, requests that TruePulse be required to post a bond against any judgment for infringement damages if a stay is granted.

The parties have completed claim construction briefing. *See* Dkts. 44, 51, 55. A Markman hearing was scheduled for October 30, 2025. Dkt. 47.[2]

## LEGAL STANDARD

"The Supreme Court has long recognized that district courts have broad discretion to manage their dockets, including the power to grant a stay of proceedings." *Procter & Gamble Co. v. Kraft Foods Glob., Inc.*, 549 F.3d 842, 848–49 (Fed. Cir. 2008) (citing *Landis v. N. Am. Co.*, 299 U.S. 254–55 (1936)). This power includes "the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1427 (Fed. Cir. 1988).

District courts typically evaluate motions to stay under a non-exhaustive three-factor test: "(i) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (ii) whether a stay will simplify the issues in question and trial of the case; and (iii) whether discovery is complete and whether a trial date has been set." *Murata Mach. USA v. Daifuku Co.*, 830 F.3d 1357, 1361 (Fed. Cir. 2016) (quotation omitted). "Attendant to the district court's inherent power to stay proceedings is the court's discretionary prerogative to balance considerations beyond those captured by the three-factor stay test." *Id.* at 1362. Thus, the court may consider other factors, too, when deciding whether a stay is warranted.

---

[2] When it became apparent to me that I would grant TruePulse's motion for a stay pending reexamination, I cancelled the Markman hearing to save the parties the time and effort of additional preparations for the hearing. *See* Dkt. 66.

## ANALYSIS

### A.  A STAY WILL NOT UNDULY PREJUDICE HI-DOW

Hi-Dow contends that it "faces undue prejudice from the likely harm to its sales and its business reputation resulting from a stay likely to extend at least until mid- to late-2026 while TruePulse, a direct competitor, continues to infringe Hi-Dow's patented technology and tries to poach its customers." Dkt. 57 at 3. Hi-Dow also asserts that it "encountered numerous obstacles to serving (and even identifying) [TruePulse] and accordingly has reason to suspect that TruePulse LLC is a small operation, possibly a mere shell or holding company, whose resources may not be available to satisfy a judgment for infringement damages." *Id.* at 5.

I struggle to see the relevance of Hi-Dow's latter point regarding TruePulse's size and ability to satisfy a judgment for infringement damages. Whether TruePulse can satisfy a judgment or not, I do not see how staying this case pending reexamination will change that fact either way.

TruePulse argues that a stay would not unduly prejudice Hi-Dow because a stay does not impact Hi-Dow's potential for money damages, and Hi-Dow does not seek injunctive relief.³ Although a stay will necessarily postpone the proceedings, a mere delay in collecting damages, without more, does not constitute undue prejudice. *See VideoShare, LLC v. Meta Platforms Inc.*, No. 6-21-cv-00254, 2022 WL 2718986, at *1 (W.D. Tex. July 12, 2022). "A stay will not diminish the monetary damages to which [Hi-Dow] will be entitled if it succeeds in its infringement suit—it only delays realization of those damages." *VirtualAgility Inc.*

---

³ Hi-Dow responds that the omission of language requesting injunctive relief was both a "tactical decision" made "while the parties were discussing potential settlement" and "an oversight by counsel." Dkt. 57 at 5 & n.3. In its response brief filed on September 29, 2025, Hi-Dow said that it would "promptly" file a motion for leave to amend its complaint. *Id.* at n.3. Hi-Dow did not ultimately file such a motion until October 15, 2025, after I had already cancelled the Markman hearing scheduled for October 30, 2025. *See* Dkt. 67. Because Hi-Dow's motion for leave to amend is not ripe, I do not consider it here. Although I am granting a stay today, I "may lift a stay if the circumstances supporting the stay have changed such that the stay is no longer appropriate." *Murata*, 830 F.3d at 1361.

*v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014). Thus, I find this factor to be neutral.

B.   A STAY WILL SIMPLIFY THE ISSUES

Hi-Dow acknowledges that "the outcome of reexamination *may* simplify the issues in this case," but nevertheless argues that this factor does not weigh in favor of a stay because the odds of the Asserted Patents being invalidated are slim. Dkt. 57 at 8. TruePulse replies that, "even if the claims are amended, and not invalidated, that simplifies the issues before this Court because claims cannot be broadened in reexamination, but only narrowed." Dkt. 62 at 6. I agree with TruePulse.

That some "issues may remain post-reexamination" does not mean "that the reexamination will not simplify the issues." Order at 5, *Leupold & Stevens, Inc. v. Primary Arms, LLC*, No. 4:24-cv-2025 (S.D. Tex. Apr. 15, 2025), ECF No. 92. As my esteemed colleague, Judge Peter Bray, recently noted: "Claim construction is a significant undertaking for both the parties and the court. Proceeding with that process despite the fact that many claims at issue in the case could change or be cancelled may very well be a waste of resources." *Id*. Accordingly, I find that this factor weighs in favor of granting a stay.

C.   DISCOVERY IS ONGOING AND NO TRIAL DATE HAS BEEN SET

Hi-Dow acknowledges "that discovery has not concluded and no trial date has been set." Dkt. 57 at 8. To put a finer point on it, TruePulse notes that "[n]o fact depositions have been taken, minimal document production has been made, no expert reports have been issued, no claim construction hearing has occurred, no dispositive motions are filed, and no trial date is set." Dkt. 62 at 2. This factor unquestionably favors a stay.

D.   OTHER CONSIDERATIONS

In sum, the standard three-factor test favors a stay. But there are two other issues I must address: (1) the supplemental briefing that I requested regarding whether and how a continued government shutdown should impact the analysis of

4

TruePulse's motion to stay, and (2) Hi-Dow's request that TruePulse be required to post a bond against any judgment for infringement damages as a condition of staying this case pending reexamination.

### 1. *Supplemental Briefing Regarding Government Shutdown*

On October 3, 2025, amidst a government shutdown, I requested the parties to "file a supplemental brief of no more than four pages addressing how, if at all, the government shutdown should factor into the courts analysis of the pending motion to stay." Dkt. 60. The parties have submitted such briefing and, unsurprisingly, taken opposing positions.

"At present, the USPTO will remain open and fully operational until further notice under operating reserves from the prior year's fee collections." *USPTO operating status during a lapse in federal appropriations*, USPTO, https://www.uspto.gov/uspto-operating-status (last visited Oct. 17, 2025). While the judiciary will cease paying its staff after Friday, October 17, 2025, if funding is not restored, excepted activities, including civil litigation, will continue as scheduled. *See Judiciary Still Operating as Shutdown Starts*, United States Courts, https://www.uscourts.gov/data-news/judiciary-news/2025/10/01/judiciary-still-operating-shutdown-starts (last visited Oct. 17, 2025). Thus, to the extent this factor is relevant, it is neutral.

### 2. *A Bond Is Not Warranted*

Finally, "Hi-Dow respectfully requests that the Court require TruePulse to post a suitable bond against any judgment for infringement damages as a condition for the entry of that stay." Dkt. 57 at 10. Hi-Dow offers me no Federal Circuit or Fifth Circuit authority—or even a district court case from within this district—to support its request. I do not find a bond to be a necessary condition of granting TruePulse's motion for a stay pending reexamination.

### CONCLUSION

For the reasons discussed above, TruePulse's motion to stay pending reexamination (Dkt. 50) is granted. The parties are instructed to inform the court

when the PTO releases final written decisions in the reexaminations of the Asserted Patents and to propose a new briefing schedule. During the stay, I will allow the parties to complete briefing, and I will rule on, Hi-Dow's motion for leave to amend. Depending on the outcome of that motion, we may revisit the question of whether this case should be stayed pending reexamination.

SIGNED this 17th day of October 2025.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE