United States District Court
Southern District of Texas
**ENTERED**
November 07, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| HI-DOW IPHC, INC., | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:24-cv-00295 |
| | § | |
| TRUEPULSE, LLC, | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER[1]

Pending before me is Plaintiff's Opposed Motion for Leave to File a Second Amended Complaint. Dkt. 67. Plaintiff Hi-Dow IPHC, Inc. moves "for leave to file a Second Amended Complaint modifying the relief requested to include a request that the Court enter a permanent injunction against continued infringement by Defendant TruePulse LLC d/b/a E-Pulse and Magic Massage." Dkt. 67 at 2. Hi-Dow's motion for leave to amend is denied.

The deadline to amend pleadings in this case expired on July 16, 2025. *See* Dkt. 38 at 2. Because Hi-Dow seeks leave to amend after the deadline set by the scheduling order, I must ascertain whether Hi-Dow has demonstrated "good cause to modify the scheduling order." *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003); *see also* Fed. R. Civ. P. 16(b)(4) (A scheduling order "may be modified only for good cause and with the judge's consent.").[2] The "good cause" inquiry "requires a party 'to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Marathon Fin. Ins., Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470

---

[1] A motion for leave to amend is a nondispositive pretrial matter properly decided by a magistrate judge. *See Talbert v. Am. Risk Ins. Co.*, 405 F. App'x. 848, 851 (5th Cir. 2010).

[2] The Federal Circuit will "review the denial of a motion to amend by applying regional circuit law." *Advanced Software Design Corp. v. Fiserv, Inc.*, 641 F.3d 1368, 1380 (Fed. Cir. 2011).

(5th Cir. 2009) (quoting *S&W Enters.*, 315 F.3d at 535). The Fifth Circuit has explained that there are four factors to consider "when determining whether there is good cause under Rule 16(b)(4): (1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice." *Squyres v. Heico Cos.*, 782 F.3d 224, 237 (5th Cir. 2015) (cleaned up). Here, the factors weigh against granting Hi-Dow's motion for leave to amend.

"The first factor under Rule 16(b)'s good-cause standard is the justification for the delay, which courts within this circuit have described as the most important factor." *Drummond v. Cajun Valve Servs., LLC*, No. 2:20-cv-37, 2022 WL 1479954, at *3 (S.D. Miss. May 10, 2022) (quotation omitted) (collecting cases). In an earlier brief, Hi-Dow attributed its failure to include language requesting injunctive relief as "an oversight by counsel." Dkt. 57 at 5 n.3. In the instant motion, Hi-Dow acknowledges that its explanation for its delay in moving to amend "does not weigh in favor of finding good cause." Dkt. 67 at 5. I appreciate Hi-Dow conceding this point, but Hi-Dow does not go far enough. Hi-Dow's inexplicable delay in moving for leave to amend weighs *against* finding good cause. *See Keith v. Metro. Life Ins. Co.*, No. CV H-15-1030, 2016 WL 7017421, at *6 (S.D. Tex. Nov. 30, 2016) ("Because plaintiff has failed to provide any reasonable explanation for [its] delay in seeking leave to amend, this factor weighs against [granting leave to amend].").

The only revisions that Hi-Dow seeks to include in its amended complaint concern the title and the addition of a mere three paragraphs totaling only 144 words. *See* Dkt. 67-2. It is unfathomable why it took Hi-Dow until October 15, 2025—91 days after the pleading deadline expired—to request leave to make these minimal changes. In its September 29, 2025 response brief to TruePulse's motion to stay, Hi-Dow said that it would "promptly" file a motion for leave to amend its complaint to seek a preliminary injunction. Dkt. 57 at 5 n.3. Yet, Hi-Dow did not

file its motion until more than two weeks later. This delay is incomprehensible, especially given the minor amendments that Hi-Dow seeks to make.

As for the second factor, the importance of allowing Hi-Dow to amend its complaint at this late juncture, Hi-Dow argues that the proposed amendment is "quite important" because otherwise it would be "denied the opportunity to obtain the full scope of relief against TruePulse and would effectively be forced to license its patented technology to a direct competitor." Dkt. 67 at 5. Hi-Dow's "assertion that the amended language is so important, however, is inconsistent with its failure to [amend its complaint before the deadline, or 'promptly' as Hi-Dow earlier promised]. This factor does not indicate good cause for the late amendment." *Grand Parkway Surgery Ctr., LLC v. Health Care Serv. Corp.*, No. CV H-15-0297, 2016 WL 6902394, at *3 (S.D. Tex. Apr. 19, 2016).

In any event, TruePulse has acknowledged that "Rule 54(c) allows courts to grant permanent injunctions in appropriate cases even if not specifically pleaded." Dkt. 69 at 9 (citing *Franciscan All., Inc. v. Becerra*, 47 F.4th 368, 378 (5th Cir. 2022) ("Rule 54(c) allows district courts to grant 'relief to which each party is entitled, even if the party has not demanded that relief in its pleadings.'")). Thus, if Hi-Dow is entitled to injunctive relief, it can still receive such relief. For this reason, Hi-Dow is not prejudiced by the denial of its motion for leave to amend. Accordingly, the second and third factors also weigh against finding good cause.

As for the fourth factor, the availability of a continuance to cure such prejudice, if any, I find that this factor is neutral at best.

Because Hi-Dow has not demonstrated good cause, its motion for leave to amend its complaint (Dkt. 67) is denied.

SIGNED this 7th day of November 2025.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE